**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

EDWARD THOMAS KENNEDY,

        Plaintiff,

    v.

Case No. _____
Verified
Jury Trial Demanded

LEONARD P. STARK, Individually
and as United States District Court
Judge,
RICHARD G. ANDREWS, Individually
and as United States District Court
Judge, and
COLM F. CONNOLLY, Individually
and as United States District Court
Judge,

        Defendants.



**COMPLAINT**

**Take Judicial Cognizance**

    1.    Pursuant to Federal Rules of Evidence Rule 201(c)(2) Taking Notice, the court

must take judicial notice if a party requests it and the court is supplied with the necessary

information.

 **Notice**

    2.    28 U.S.C. § 453.

**PRELIMINARY STATEMENT**

    3.    The Plaintiff, Edward Thomas Kennedy, (hereinafter "Kennedy" and/or

"Plaintiff") brings this action against Leonard P. Stark, (hereinafter "Stark" and/or "Defendant

Stark") individually and as a District Judge in the United States District Court, in the District of

Delaware, ("D. Del."), Richard G. Anderson, (hereinafter "Anderson" and/or "Defendant

Anderson") individually and as a District Judge in the United States District Court, in D. Del., and Colm F. Connolly, (hereinafter "Connolly" and/or "Defendant Connolly") individually and as a District Judge in the United States District Court, in D. Del., and collectively, where appropriate, "Defendants" under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 seeking redress for the extraordinary misconduct of three federal government employees, who are currently employed by the United States Courts, who conspired to and ultimately did use improper, unlawful, and unconstitutional means to falsely deny the Plaintiff equal protection and justice in the United States Courts in D. Del. because of conflict of interest, and for violating 28 U.S.C. § 453. The Defendants took oaths to be fair and impartial in the Plaintiff's cases named herein. The Defendants were not fail and impartial in the Plaintiff's cases named herein.. The Defendants herein exceeded their jurisdiction, and because they exceeded their jurisdiction, injured the Plaintiff Kennedy in loss of rights.

4.    The actions and conduct of the above-identified Defendants were the results of judicial misconduct, deficient ethics and/or non-existent ethics, policies, practices, customs, trespass on the case, and deliberate indifference on the part of Defendants, to take disciplinary and remedial action against the above-identified Defendants, and despite documented, well-known instances and/or records of judicial misconduct, and abuses of authority or power and the obvious, direct, conflicts of interest present in and surrounding the within the Plaintiff's Complaints on the part of the three Defendants.

5.    This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1361, and 28 U.S.C. §§ 1331 and 1343 (1), (3, (4) and the aforementioned statutory provision. The within action is also filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. section 1983, 42 U.S.C. section 1985 and 28 U.S.C. section 1343 and seeks redress for the deprivation of the Plaintiff's Due Process and other Constitutional rights.

6.      The Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to adjudicate any state law claims.

7.      Venue is proper in the District of Delaware, as all of the acts, actions, failure to act, or omissions, complained of occurred in Wilmington, Delaware.

## II.    **JURISDICTION**

8.      This court has jurisdiction over this action under 28 U.S.C. section 1331 and 28 U.S.C. 1343 (a) (3) for a violation of Constitutional rights and provided in 42 U.S.C. section 1983 and 42 U.S.C. section 1985.

9.      The Plaintiff seeks monetary and compensatory damages as well as attorney fees and costs pursuant to 42 U.S.C. section 1988.

10.     The Plaintiff brings this action against the Defendants to address the deprivation of rights secured him by the Due Process Clause, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, as protected under 42 U.S.C. section 1983 and under section 1985 and under a common law claim(s).

11.     The Plaintiff is a resident of the Commonwealth of Pennsylvania.

12.     The Defendant Stark is believed to be a resident of the State of Delaware.

13.     The Defendant Anderson is believed to be a resident of the State of Delaware.

14.     The Defendant Connolly is believed to be a resident of the State of Delaware.

15.     The matter in controversy exceeds the sum of $250,000, excessive interest, attorneys fees, and costs.

16.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331, 1332, 1343 (a) (3), and 42 U.S.C. section 1983 and 42 U.S.C. section 1985.

17.    The Plaintiff also invokes supplemental jurisdiction of this court over any of the Plaintiff's state claims against Defendants for common law violations pursuant to 28 U.S.C. section 1367 as the common law claim(s) form part of the same controversy.

18.    Venue is proper in this District pursuant to 28 U.S.C. section 1391.

III.    **PARTIES**

19.    The Plaintiff, Edward Thomas Kennedy,  is one of the people of Pennsylvania, and an adult individual and a resident of the Commonwealth of Pennsylvania, residing at 800 Court Street, Apt. 223, Reading, PA 19601.

20.    Defendant Leonard P. Stark is an individual, with an address at 844 N. King Street,  Wilmington, DE 19801-3555.

21.    Defendant Richard G. Anerson is an individual, with an address at 844 N. King Street,  Wilmington, DE 19801-3555.

22.    Defendant Colm F. Connolly is an individual, with an address at 844 N. King Street,  Wilmington, DE 19801-3555

23.    United States Courts, established the Court in the D. Del, and operates, governs, controls and supervises the operation of the United States Court, D. Del. pursuant to the laws of the United States.

24.    At all times material and relevant to the allegations contained in this Complaint, Defendant Stark was acting within the nature and scope of the Defendant's official duties as a duly appointed President Judge at D. Del, with full duty and obligation to obey the law in his duty, obligation, oversight and administration in all the Plaintiff's cases named herein.

25.    At all times material and relevant to the allegations contained in this Complaint, Defendant Anderson was acting within the nature and scope of the Defendant's official duties as a duly appointed District Judge at D. Del.

26.    At all times material and relevant to the allegations contained in this Complaint, Defendant Connolly was acting within the nature and scope of the Defendant's official duties as a duly appointed District Judge at D. Del.

27.    And all relevant times, all the above-identified Defendants were acting in concert or conspired with each other and the resulting unlawful actions and abuse of power deprived the Plaintiff of his Constitutional, Due Process and statutory rights.

28.    At all times relevant to this Complaint, all Defendants acted under the color of state law.

IV.    **FACTS**

29.    Pursuant to FRE 902, the evidence provided and stated herein is self-authenticating because the source of the evidence is the official public record from the cases in this court, and is signed by the Defendants.

30.    Factual case data and transactions from the pacer.gov website and the D. Del. docket files are as follows:

a.    Kennedy, Edward Thomas, Plaintiff
1:2018cv01270-RGA
Kennedy v. Walmart, Inc., et al
Dated Filed  by the Plaintiff: 08/20/2018
Date Closed by Defendant Anderson 05/09/2019
$1,200,000.00

b.    Kennedy, Edward Thomas, Plaintiff
Case No. 1:2019cv00893-CFC
Kennedy v. United States et al
Date filed by Plaintiff: 05/13/2019
Date closed by Defendant Connolly 06/28/2019
$30,000,000.00

## V.   **DAMAGES**

31.   As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer damages in the form of monetary damages in the determined, amount of thirty one million, two hundred thousand dollars and 00/100 cents ($31,200,000.00).

32.   As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has Cause to suffer emotional stress, utilization, severe anxiety and embarrassment by denying the Plaintiff access to equal protection and justice.

33.   As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer emotional stress, humiliation, severe anxiety, and embarrassment.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)   Awarding compensatory damages to the Plaintiff for emotional stress, humiliation, embarrassment and anxiety;

(b)   Awarding compensatory damages to the Plaintiff for damages for failure to proceed with his Complaints listed herein In the approximate amount of $31,200,000.00;

(c)   Awarding punitive damages against Stark, Anderson and Connolly;

(d)   Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)   Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f)   Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g)   Granting such other and further relief as the court deems appropriate and just.

**First Cause of Action**
**Federal Civil Rights Violations**

**Violation of Constitutional Rights Guaranteed Under the Fourth,**
**Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985,**

28 U.S.C. § 1361, 18 U.S.C. § 2071,  and 18 U.S.C. § 2076.

**Edward Thomas Kennedy**
**v.**
**Defendants Leonard P. Stark, Richard G. Anderson and Colon F. Connolly**

34.     The Plaintiff incorporates paragraphs 1 through 33 of this Complaint by reference as if fully set forth at length herein.

35.     As a direct and proximate result of the Defendant's conduct, committed under the color of law, the Plaintiff was deprived of the right to equal protection and access to equal protection and justice in United States Court, D. Del.

36.     As a direct and proximate result of the Defendant's conduct, committed under the color of law, the Plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth, Fifth, and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1985.

37.     The failure to proceed with the Plaintiff's Complaint was all done without reasonable and or justifiable grounds for said Defendants to believe the Plaintiff had no right to access the United States Court for relief.

38.     The Defendants Anderson and Connolly knew they had a duty and obligation to proceed with Plaintiff's Complaint and knew they lacked authority to fail to adjudicate and proceed with the Plaintiff's Complaints but did so intentionally and maliciously in order to protect the Defendants, especially in Case No. 1:2019cv00893-CFC and Case No. 1:2019cv001311-CFC          .

39.     The Defendants continued to protect the Defendants from the Plaintiff's civil Complaint knowing their failure to proceed was a product of a conspiracy between them and Defendants in the said cases.

7

40.    The failure to adjudicate the Plaintiff's Complaint in this matter, was done with actual malice or ill-will towards the Plaintiff and/or with callous or reckless indifference for the Constitutional rights of the Plaintiff and for the express purpose of covering up Kennedy's lawful claims in his Complaint against the Defendants by Connolly, and violations of the Plaintiff's civil rights at the request and assistance of Defendant Stark, who was abusing his power as President Judge of the United States District Court, D. Del.

41.    Defendants Anderson and Connolly exceeded their jurisdiction, and because they exceeded their jurisdiction, injured the Plaintiff in loss of rights, and by knowingly violating 28 U.S.C. § 453, and thus judicial immunity is a myth.

42.    Damages are due to injury from loss of rights.

43.    As a result of the above concerted efforts of all the Defendants, resulting denial of access to equal protection and justice for the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiff's rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. §§ 1983 and 1985, injured the Plaintiff in loss of rights.

44.    As a result of the concerted efforts of the Defendants, resulting in the loss of rights for the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiffs rights, deprived the Plaintiff of relief and deprived the Plaintiff his right to Due Process, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth amendments to the Constitution of the United States as protected by 42 U.S.C. §§ 1983 and 1985.

45.    As a result of the above concerted efforts of the Defendants, resulting in the Defendants intentionally and/or with deliberate indifference and callous disregard of the

Plaintiff's rights, deprived the Plaintiff of his right to equal protection of the laws, in violation

of the Fourth, Fifth and Fourteenth Amendment of the Constitution United States and

protected under 42 U.S.C. §§ 1983 and 1985.

46.    The Plaintiff is entitled to punitive damages due to the intentional, malicious,

wanton and willful misconduct of the Defendants.

47.    As a result of the proximate result of the intentional, malicious, wanton and

willful actions of the Defendants, the Plaintiff suffered damages as aforesaid which are

Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this

Court enter judgment in his favor and against all the Defendants:

(a)    Awarding compensatory damages to the Plaintiff for emotional stress humiliation, embarrassment and anxiety;

(b)    Awarding compensatory damages to the Plaintiff for damages for failure to proceed with his Complaints listed heretofore In the approximate amount of $31,200,000.00;

(c)    Awarding punitive damages against the Defendants;

(d)    Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)    Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f)    Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g)    Granting such other and further relief as the court deems appropriate and just.

### Second Cause of Action
### Supplemental State claims

### Trespass on the Case (common law)
### Intentional and Negligent Infliction of Emotional Distress
### and Abuse of Process

### Edward Thomas Kennedy
### v.
### Defendants Defendants Leonard P. Stark, Richard G. Anderson and Colon F. Connolly

48.     The Plaintiff incorporates paragraphs 1 through 47 of this Complaint by reference as if fully set forth at length herein.

49.     Defendant Stark conspired with Defendants Anderson and Connolly by failing to obey the law as written and failed to obey his oath of office, pursuant to 28 U.S.C. § 453.

50.     Defendants Stark, Anderson and Connolly trespassed on the Plaintiff's cases in the two, named cases herein.

51.     The Defendants Stark, Anderson and Connolly intentionally inflicted emotional distress on the Plaintiff and/or did so negligently by failing to proceed with the Plaintiff's Complaints.

52.     The Defendants knew or should have known, the Plaintiff would experience significant emotional stress and anxiety by failing to adjudicate Plaintiff's Complaints.

53.     The Defendants used improper and unconstitutional means to abuse the civil process of procedure, practice, obligation and duty of the United States Courts, and their offices.

54.     As a direct and proximate result of Defendant's failure to proceed the Plaintiff Kennedy's Complaints, the Plaintiff suffered damages as aforesaid which are incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)     Awarding compensatory damages to the Plaintiff for emotional stress, humiliation, embarrassment and anxiety;
(b)     Awarding compensatory damages to the Plaintiff for damages for failure to perform fair and impartial duty to the Plaintiff in his Complaints in the approximate amount of $31,200,000.00;
(c)     Awarding punitive damages against Stark, Anderson and Connolly;
(d)     Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)     Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f)     Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g)     Granting such other and further relief as the court deems appropriate and just.

## VI.    VERIFICATION

55.     I, Edward Thomas Kennedy, declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge. Executed on August 30, 2019.

Date: August 30, 2019.

Respectfully submitted,

Edward Thomas Kennedy, Plaintiff.
800 Court Street, Apt 223
Reading, PA 19601.
Phone: 415-275-1244.
pillarofpeace2012@gmail.com

*Plaintiff is Self-represented.*

11

Edward Thomas Kennedy
800 Court St., Apt. 223
Reading, PA 19601







John A. Cerino, Clerk of Court
United States District Court - D.Del.
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555



FILED

SEP 03 2019

US DISTRICT COURT
DISTRICT OF DELAWARE